UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELE CATALANO,<br>Plaintiff<br><br>v.<br><br>BRIDGE OVER TROUBLED WATERS, INC.,<br>Defendant | 05-11729 JLT<br><br>Civil Action No.<br>RECEIPT # 7627 66414<br>AMOUNT $ 250.00<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. M.P.<br>DATE 8/22/05 |

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED,
AND JURY DEMAND**

MAGISTRATE JUDGE JLA

I.  INTRODUCTION.

This is an action for discrimination and retaliation brought by the plaintiff, Michele Catalano, the former Director of Human Resources of the defendant, Bridge Over Troubled Waters, Inc., a private, non-profit agency in Boston, Massachusetts. As set forth below, the plaintiff was fired because she filed a grievance with the Board of Directors protesting the Executive Director's repeated orders not to consider white candidates for a number of vacancies within the organization, and to only hire blacks or other minorities, even when the most qualified candidate was a non-minority. After filing a grievance with the Board of Directors protesting such discriminatory hiring practices, the plaintiff, who worked for the defendant for 13 years, was terminated. The plaintiff seeks back pay, front pay, punitive damages, emotional distress damages, and attorney's fees.

1

II.     JURISDICTION.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000(e).

III.    PARTIES.

1. The plaintiff, Michele Catalano, is an adult resident of Revere, Massachusetts and is Caucasian.

2. The defendant, Bridge Over Troubled Waters, Inc., is, on information and belief, a private, non-profit corporation with approximately 50 employees and which has a principal place of business in Boston, Massachusetts. The Executive Director of the defendant is Shiela Moore, a black woman.

IV.     FACTS.

3. Plaintiff, Michele Catalano, has a degree from Worcester State College and has worked for defendant, Bridge Over Troubled Waters, Inc., for most of the last 14 years. She has worked there as a counselor, has been the director of a program, and held other key positions. In 2004, the former Executive Director, Barbara Wheland, asked the plaintiff to become Director of Human Resources for the organization, and plaintiff accepted.

4. Towards the end of 2004, the defendant hired a new Executive Director, Shiela Moore, who is black.

5. Beginning in early 2005, and continuing thereafter, on a number of occasions Ms. Moore informed the plaintiff that she would insist that a Latino or African-American be hired for certain positions with the defendant, notwithstanding qualifications. Specifically, on several occasions Ms. Moore stated that the "Residential Coordinator," "Day Program Counselors," and "Residential Counselors" had to all be either African-American or Latino. The only exception Ms. Moore indicated was that if a white person, Christine Lowe, were to leave or be fired, that since she was white, it would be okay to hire a white replacement.

6. The plaintiff, as Director of Human Resources, had responsibility for gathering resumes of interested and qualified candidates and then conducting interviews along with program directors where the vacancy existed. The plaintiff became quite concerned that she was being asked, as a Human Resources Director, to violate both state and federal laws by turning down individuals of one race for positions, despite their qualifications, and without considering them on an individual basis.

7. In addition, as a result of her concern, the plaintiff located and reviewed the defendant's "Affirmative Action Plan" to see if it was permissible to reserve certain positions solely for individuals of one race or ethnic background. The plaintiff read such affirmative action plan and determined that such plan did not permit such specific race-based hiring.

8. In the winter of 2005, the plaintiff began interviewing candidates for two vacancies which the defendant had for "Transitional Day Program Counselors." Plaintiff interviewed two candidates which she believed were a good match for the jobs, one candidate was African-American and the other was a white female. The plaintiff

proceeded to set up further interviews for these candidates with staff members. The African-American candidate took a position with a different organization, and the staff agreed with plaintiff that the white female should be hired.

9. However, on or about February 15, 2005, the plaintiff was informed that Shiela Moore, the Executive Director, refused to hire the white candidate because she was white and that black persons had to be hired for both vacancies.

10. Although plaintiff was upset and concerned about such hiring practices, she did not say anything at the time and proceeded to move forward and hire two African-American candidates for each of the Transitional Day Program Counselor positions.

11. On yet another occasion, plaintiff again understood that she would have to hire a minority for a "Residential Coordinator" position. Accordingly, in March of 2005, she presented a Latino candidate for that position and Ms. Moore hired him on the spot.

12. During April and May of 2005, plaintiff became increasingly concerned that she was engaging in illegal hiring conduct, and after consulting state and federal law, determined that she could no longer sit quiet while such hiring practices were taking place. Accordingly, on or about May 11, 2005, she filed a grievance/complaint with the Executive Director, Shiela Moore, which she forwarded to the Board of Directors, complaining that the defendant was engaging in unlawful discrimination, and requesting that appropriate action be taken.

13. On or about June 21, 2005, plaintiff was informed that she was being terminated from her position as Bridge Over Troubled Waters, Inc. because she would not carry out the directives of the Executive Director. In addition, plaintiff was offered a

substantial payment if she would sign a release, including a provision for confidentiality and non-disparagement, that would effectively prevent her from detailing the discrimination of the defendant and Ms. Moore. Plaintiff refused to sign the agreement.

## COUNT I

### (42 U.S.C. § 2000(e))

14. The conduct of the defendant as set forth above constitutes unlawful retaliation as a result of plaintiff engaging in activity protected by Title VII, or refusing to engage in activity made unlawful by Title VII, and therefore defendant is guilty of unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

## COUNT II

### (Retaliation – State Law)

15. The conduct of the defendants as set forth above also constitutes retaliation against plaintiff because she engaged in activity protected by Chapter 151B, and refused to engage in activity which Chapter 151B makes unlawful, in violation of the anti-retaliation provisions of M.G.L. ch. 151B, §4.

## COUNT III

### (42 U.S.C. § 1981)

16. The actions of the defendant as set forth above constitute unlawful discrimination based on race and unlawful retaliation in violation of 42 U.S.C. § 1981.

5

## COUNT IV

### (42 U.S.C. §2000(d))

17.  The actions of the defendant as set forth above constitute unlawful discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d).  The defendant receives federal funds and, therefore, is subject to Title VI.

## COUNT V

### (42 U.S.C. § 2000(e))

18.  The conduct of the defendant as set forth above constitutes unlawful discrimination based upon race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e).

## COUNT VI

### (M.G.L. ch. 151B, §4)

19.  The termination of the plaintiff as set forth above constitutes unlawful discrimination based upon race, in violation of the non-discrimination provisions of M.G.L. ch. 151B, §4.

## JURY DEMAND

20.  The plaintiff demands a trial by jury on all of her claims.

WHEREFORE, plaintiff prays this court enter appropriate equitable and compensatory relief, including attorneys fees, and such other and further relief as to this court is just and proper.

>                    Respectfully submitted,
>
>                    MICHELE CATALANO,
>                    By her attorneys,

Dated:  August 22, 2005

*/s/ Harold Lichten*
Harold L. Lichten, BBO #549689
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

≷JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michele Catalano

**DEFENDANTS**
Bridge Over Troubled Waters, Inc.

(b) County of Residence of First Listed Plaintiff   Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Harold L. Lichten
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont St., Ste. 500, Boston, MA 02108
(617) 367-7200

Attorneys (If Known)
05 - 11729 JLT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000 and 42 U.S.C. §1981
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  8/22/05
SIGNATURE OF ATTORNEY OF RECORD
*Harold Lichten*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Michele Catalano v. Bridge Over Troubled Waters, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,  05-11729 JLT
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Harold L. Lichten
ADDRESS   Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, 18 Tremont St., Ste. 500, Boston, MA 02108
TELEPHONE NO.   (617) 367-7200

(CategoryForm.wpd -5/2/05)