UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHELE CATALANO,
    Plaintiff,

v.

BRIDGE OVER TROUBLED
WATERS, INC.,
    Defendant.

Civil Action No. 05-11729 JLT

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Bridge Over Troubled Waters, Inc. (hereinafter "Bridge), hereby responds to Plaintiff's Complaint as follows:

**I. INTRODUCTION**

Bridge makes no response to the allegations contained in this introduction as it merely purports to summarize Plaintiff's allegations. To the extent a response is required, Bridge denies the allegations contained therein.

**II. JURISDICTION**

The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed to be required, Bridge denies the allegations in this paragraph.

**III. PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, except admits that Plaintiff is an adult individual who, upon information and belief, is Caucasian.

2. Admits the allegations in paragraph 2 of the Complaint.

## IV. FACTS

3. Denies knowledge of information sufficient to form a belief as to the truth of the allegation in paragraph 3 of the Complaint regarding Plaintiff's education. Further responding, denies the remaining allegations in paragraph 3 of the Complaint, except admits that Plaintiff worked for Bridge for many years in various positions and, in 2004, began working as Bridge's Human Resources Coordinator.

4. Admits the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6 of the Complaint, except admits that Plaintiff was involved with others, during the time she worked as the Human Resources Coordinator, on various tasks related to filling vacant positions at Bridge.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies the allegations in paragraph 8 of the Complaint, except admits that Plaintiff interviewed applicants for open Transitional Day Program Counselor positions in 2005.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint, except admits that Bridge hired two individuals in early 2005 for open Transitional Day Counselor positions who, upon information and belief, are African American.

11. Denies the allegations in paragraph 11 of the Complaint, except admits Bridge hired an individual for the open Residential Coordinator position who, upon information and belief, is Latino.

12. Denies the allegations in paragraph 12 of the Complaint, except admits that Plaintiff sent a grievance to Bridge's Board of Directors in May, 2005 regarding alleged discrimination.

13. Denies the allegations in paragraph 13 of the Complaint, except admits that Plaintiff's employment at Bridge ended in June, 2005, that she was offered severance subject to a written agreement and that she chose not to accept the offer.

## COUNT I
## (42 U.S.C. § 2000(e))

14. Denies the allegations in paragraph 14 of the Complaint.

## COUNT II
## (Retaliation – State Law)

15. Denies the allegations in paragraph 15 of the Complaint.

## COUNT III
## (42 U.S.C. § 1981)

16. Denies the allegations in paragraph 16 of the Complaint.

## COUNT IV
## (42 U.S.C. § 2000(d))

17. Denies the allegations in paragraph 17 of the Complaint.

## COUNT V
## (42 U.S.C. § 2000(e))

18. Denies the allegations in paragraph 18 of the Complaint.

## COUNT VI
## (M.G.L. ch. 151B, §4)

19. Denies the allegations in paragraph 19 of the Complaint.

## JURY DEMAND

20. Paragraph 20 of the Complaint states a request for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Every action taken by Bridge with respect to Plaintiff's employment was taken for a legitimate and non-discriminatory business purpose and was consistent with principles of law.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Bridge made good faith efforts to comply with its obligations under state and federal employment discrimination statutes.

### SIXTH AFFIRMATIVE DEFENSE

Bridge exercised reasonable care to prevent and/or promptly correct any allegedly harassing or otherwise discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided by Bridge and otherwise avoid harm.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of jurisdiction.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

If it is found that race was considered in an employment decision made by Bridge, the consideration was legally permissible.

### ELEVENTH AFFIRMATIVE DEFENSE

Bridge reserves the right to supplement these affirmative defenses in the future during the course of litigation.

WHEREFORE, Bridge prays that:

1. the complaint be dismissed in its entirety;

2. judgment entered on its behalf on all counts;

3. it be awarded its costs; and

4. the Court order such other relief as may be just and proper.

Respectfully submitted,

BRIDGE OVER TROUBLED WATERS, INC.
By its attorneys,


/s/ Joan Ackerstein
Joan Ackerstein, BBO #348220
Heather L. Stepler, BBO #654269
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025

Dated: October 24, 2005